UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZALAHA HARRIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:15CV1854 RLW |
| ) | |
| HILLVALE HOLDINGS LLC d/b/a ) | |
| HILLVALE APARTMENTS PROPERTIES ) | |
| d/b/a HILLVALE APARTMENTS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 17). The motion is fully briefed and ready for disposition.

## Background

On February 14, 2015, Plaintiff Shawn Beck ("Beck") and the deceased Joshua Johnson ("Johnson") were in the process of visiting a tenant of Defendant's property. (Pl.'s First Am. Compl. ["FAC"] ¶¶ 5, 7, ECF No. 17) While sitting in their automobile in Defendant's parking lot, two individuals shot at Beck and Johnson, seriously injuring Beck and killing Johnson. (Id. at ¶¶ 5-6) Plaintiffs assert that Defendant was aware that its property was unsafe as a result of prior incidents of crime occurring on or near its property. (Id. at ¶¶ 8-11) Plaintiffs further allege that Defendant owed a duty to take reasonable measures to protect Plaintiffs from the criminal assaults that had repeatedly occurred on said property. (Id. at ¶8) Specifically, Plaintiffs contend that Defendant's parking lot was secured with a gate, which was broken, turned off, or otherwise not functioning on the date of the incident, thereby failing to prevent access to the lot by the individuals who shot Beck and Johnson. (Id. at ¶¶12-13) Plaintiffs

further claim that Defendant did not have adequate security personnel to prevent the shooting. (*Id.* at ¶ 14)

Plaintiff Beck and Plaintiff Zalaha Harris, the surviving natural mother of Johnson, filed a petition for damages in the Circuit Court of the City of St. Louis, Missouri. On December 14, 2015, Defendant removed the action to federal court. Plaintiffs filed a First Amended Complaint on January 10, 2016. In the First Amended Complaint, Plaintiffs allege wrongful death by Plaintiff Harris against Defendant in Count I and negligence by Plaintiff Beck against Defendant in Count II. In response, Defendant filed a Motion to Dismiss, arguing that Plaintiffs have failed to state a claim for wrongful death or negligence under Missouri law.

## **Legal Standards**

With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding*

*Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

## Discussion

Defendant argues that a landowner's inability to prevent a crime under the circumstances alleged by Plaintiffs is not sufficient as a matter of law to establish the requisite negligence for a wrongful death or premises liability claim. Specifically, Defendant contends that Plaintiffs fail to allege a causal connection between the alleged security insufficiencies and third party criminal activity. In addition, Defendant asserts that Plaintiffs have failed to allege any duty to protect against criminal activity. Plaintiffs, on the other hand, argue that their complaint properly alleges that Defendant's negligent conduct caused Plaintiffs' injuries and properly alleges that Defendant breached its duty of care owed to Plaintiffs.

3

"To prove a wrongful death case under Missouri law, a plaintiff must show that the negligence of the defendant directly caused the death." *West v. Brankel*, No. 13-3237-CV-S-DGK, 2015 WL 225465, at *7 (W.D. Mo. Jan. 16, 2015). Negligence in both counts of the First Amended Complaint requires a plaintiff to establish, "'that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff.'" *Brown v. Davis*, 813 F.3d 1130, 1136 (8th Cir. 2016) (quoting *Lesch v. U.S.*, 612 F.3d 975, 981 (8th Cir. 2010)).

Defendant first argues that Plaintiffs are unable to establish a causal connection between the alleged security deficiencies and the third-party criminal activity. "The general test for proximate cause 'is whether an injury is the natural and probable consequence of the defendant's negligence.'" *Id.* at 1138 (quoting *Stanley v. City of Independence*, 995 S.W.2d 485, 488 (Mo. 1999)). Proximate cause looks at the scope of foreseeable risk that defendant's act or omission creates. *Nail v. Husch Blackwell Sanders, LLP*, 436 S.W.3d 556, 563 (Mo. 2014). "In this context, 'foreseeability refers to whether a defendant could have anticipated a particular chain of events that resulted in injury or the scope of the risk that the defendant should have foreseen.'" *Brown*, 813 F.3d at 1138 (quoting *Lopez v. Three Rivers Elec. Coop.*, 26 S.W.3d 151, 156 (Mo. 2000)). The defendant need not have anticipated the precise manner an injury would occur, but "the plaintiff must prove that the defendant 'could foresee the person who would be injured' and that he 'knew or ought to have known that there was an appreciable chance some injury would result.'" *Id.* (quoting *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 865 (Mo. 1993)). "To show causation in any wrongful death case, a plaintiff must show that the negligence of the defendant 'directly cause[d]' or 'directly contribute[d] to cause' the [person's] death." *Kivland*

*v. Columbia Orthopaedic Grp., LLP*, 331 S.W.3d 299, 306 (Mo. 2011) (quoting *Callahan*, 863 S.W.2d at 863).

Here, Plaintiffs allege that, on the date of the incident, "Defendant's gate was broken, turned off, or otherwise not functioning, in that it did not prevent access to the parking lot and complex by the individual who shot Shawn Beck and Joshua Johnson." (FAC ¶ 13, ECF No. 15) Further, Plaintiffs contend that in the two years prior to the incident, "more than eight shootings, and more than thirty violent felonies, were committed on or about the area of Defendant's property . . . ." (*Id.* at ¶ 12) Plaintiffs argue that these allegations are sufficient to state causation at the motion to dismiss stage because the security gate was not functioning, and Defendant was aware of the many recent violent crimes committed on and around the apartment complex.

The Court finds that Plaintiffs have stated a plausible claim that Defendant knew or should have known that the condition of the security gate and the violent crimes committed on the property could result in injury. Plaintiffs claim that the broken security gate and inadequate security caused Beck's injuries and Johnson's death by allowing access to the parking lot by the individual that shot Beck and Johnson. (*Id.* at ¶¶ 13, 18-19, 25-28) Unlike the cases upon which Defendant relies, Plaintiffs have alleged causation sufficient to survive a motion to dismiss. For instance, in *Lofstrom v. Lenox Healthcare*, No. 99-1126-CV-WHFS, 2004 WL 3455451, at *3 (W.D. Mo. Dec. 10, 2004), decedent's son filed a complaint against the owners of a nursing home, alleging that staffing and care deficiencies led to mental and emotional suffering. The court found that plaintiff failed to state a claim under the wrongful death statute because he failed to aver facts suggesting that the emotional suffering by his father resulted in death.[1] *Id.* In the

---

[1] Defendant also argues that, similar to *Lofstrom*, Plaintiffs are unable to state a connection between the condition of the premises and the death under a premises liability theory. The *Lofstrom* court found that plaintiff failed to show a connection between the foul odors, dirty

5

instant case, Plaintiffs have adequately alleged that the gate and security deficiencies led to Johnson's death and Beck's injuries.

With regard to *Kopoian v. George W. Miller & Co., Inc.*, 901 S.W.2d 63 (Mo. Ct. App. 1995), the Court agrees with Plaintiffs that the facts in the *Kopoian* are distinguishable from the facts in the instant case. In *Kopoian*, on defendant's appeal from the denial of its motion for directed verdict, the Missouri Court of Appeals noted crime is a possible threat in practically every place and that evidence of that exterior lighting was desirable for security purposes did not establish a duty by the landlord to ensure effective functioning of a defective porch light. *Id.* at 71. The court noted, however, that the plaintiffs did not present any evidence of previous violent criminal assaults on the premises. *Id.* at 72. Here, on the other hand, Plaintiffs' complaint alleges numerous shootings and violent felonies committed on or near Defendant's property. The Court finds this sufficient to survive a motion to dismiss.

Defendant also argues that Plaintiffs are unable to show that Defendant had a duty to protect against criminal activity. While generally a business has no duty to protect invitees from criminal acts committed by third parties, "in situations where a special relationship exists, such as that between a business owner and invitee, and injury is foreseeable to recognizable third parties, a duty will be imposed." *L.A.C. ex rel D.C. v. Ward Parkway Shopping Ctr.*, 75 S.W.3d 247, 257 (Mo. 2002). "Violent crimes are foreseeable if the premises have been the site of other prior violent crimes . . . ." *Id.*

---

floors, and water and air temperatures and the decedent's cause of death of malnutrition and septicemia resulting from decubitus ulcers. *Lofstrom*, 2004 WL 3455451, at *3. The court noted that the cause of death lent itself to an allegation of negligence on the part of the staff and supervisors, not the nursing home owners. *Id.* at *3 n.8. Here, however, Plaintiffs have alleged that Defendant was directly responsible for protecting individuals on the property and handling the security on the property and that the failure to do so caused the Beck's injuries and Johnson's death. (FAC ¶¶ 17-19, 24-28, ECF No. 15)

6

In the present case, the Court finds that Plaintiffs have alleged sufficient facts regarding the relationship between Defendant and Beck and Johnson as invitees, as well as the foreseeability of violent crimes from numerous shootings and other violent crimes on the premises and in the area. *See Aaron v. Havens*, 758 S.W.2d 446, 447 (Mo. 1988) (finding evidence sufficient that the owner of an apartment building had a duty to make common premises safe against foreseeable risks where landlord knew or should have known of a dangerous condition of the fire escape by which a criminal intruder could obtain access to the plaintiff's apartment); *but see Kopoian*, 901 S.W.2d at 72 (finding allegations that the porch light should have been better insufficient to create a duty where plaintiffs presented no evidence of prior violent criminal assaults or evidence that the porch could be considered an invitation to criminals like the fire escape in *Aaron*). To survive a motion to dismiss, Plaintiffs need only make factual allegations that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. This standard simply requires enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556. At this stage of the litigation, the Court finds that Plaintiffs have met this standard, and Defendant's Motion to Dismiss under Rule 12(b)(6) will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 17) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Complaint (ECF No. 9) is **DENIED** as **MOOT**.

Dated this 6th day of June, 2016.

*[signature: Ronnie L. White]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**