## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ZALAHA HARRIS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:15CV1854 RLW |
| | ) |
| HILLVALE HOLDINGS LLC d/b/a | ) |
| HILLVALE APARTMENTS PROPERTIES | ) |
| d/b/a HILLVALE APARTMENTS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel Production of

Documents and Things from the St. Louis Metropolitan Police Department, or Alternative

Motion to Stay (ECF No. 30). The St. Louis Metropolitan Police Department ("SLMPD") filed a

memorandum in opposition, and the Defendant filed a reply in support. Upon review of the

motion and responses thereto, the Court will grant Defendant's Motion to Compel and enter a

protective order pertaining to the requested information.

This case stems from a shooting in the parking lot of an apartment complex owned and

operated by Defendant. On February 14, 2015, Plaintiff Shawn Beck ("Beck") and the deceased

Joshua Johnson ("Johnson") were visiting a tenant of Defendant Hillvale Holdings, LLC's

("Hillvale") property. While sitting in their automobile in Defendant's parking lot, two

individuals shot at Beck and Johnson, seriously injuring Beck and killing Johnson. Plaintiffs

assert that Defendant was aware that its property was unsafe as a result of prior incidents of

crime occurring on or near its property and that Defendant owed a duty to take reasonable

measures to protect Beck and Johnson from the criminal assaults that had repeatedly occurred on

said property. Specifically, Plaintiffs contend that the parking lot gate was broken, turned off, or otherwise not functioning on the date of the incident, which in turn failed to prevent access to the lot by the individuals who shot Beck and Johnson. Additionally, Plaintiffs claim that Defendant did not have adequate security personnel to prevent the shooting.

Plaintiff Beck and Plaintiff Zalaha Harris, the surviving natural mother of Johnson, filed a petition for damages in the Circuit Court of the City of St. Louis, Missouri, which Defendant removed to federal court on the basis of diversity jurisdiction. Plaintiffs then filed a First Amended Complaint on January 10, 2016. In the First Amended Complaint, Plaintiffs allege wrongful death by Plaintiff Harris against Defendant in Count I and negligence by Plaintiff Beck against Defendant in Count II.

On September 1, 2016, Defendant Hillvale filed a Motion to Compel the SLMPD to produce documents and things related to the incident, after the SLMPD objected to Defendant's August 1, 2016 Sunshine Law Request. (Def.'s Mot. to Compel, ECF No. 30; Request, Def.'s Ex. A, ECF No. 30-1; Subpoena, Def.'s Ex. C, ECF No. 30-3) The SLMPD filed a memorandum in opposition, asserting that materials under subpoena are closed pursuant to Mo. Rev. Stat. § 610.100.4 because the investigation is still active and ongoing. Defendant filed a reply, arguing that the SLMPD waived its § 610.100.4 objection because it failed to seek relief in light of the ongoing investigation within 30 days.

Under Mo. Rev. Stat. § 610.100.4, a person "whose property is involved in an incident, may obtain any records closed pursuant to this section or section 610.150 for purposes of investigation oaf any civil claim or defense" pursuant to a written request. Further, within thirty days of such request, the law enforcement agency "shall provide the requested material or file a

motion . . . with the circuit court having jurisdiction over the law enforcement agency stating . . . that a criminal investigation is likely to be jeopardized." Mo. Rev. Stat. § 610.100.4.

While the SLMPD contends that release of the records would jeopardize the criminal investigation into the shooting, the Court finds that the agency failed to file a proper motion within 30 days objecting to the production of the materials in the initial Sunshine Law request and the subsequent subpoena served on August 18, 2016. In addition, the records requested by Defendant Hillvale are relevant to the civil wrongful death and negligence claims Plaintiffs have brought against Hillvale. In the event that the Court granted the motion to compel, the SLMPD attached a proposed protective order, to which none of the parties has objected. The Court concludes that the protective order adequately prevents the underlying criminal investigation from being jeopardized. Therefore, the Court will grant Defendant's Motion to Compel and enter the Protective Order submitted by the SLMPD.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Production of Documents and Things from the St. Louis Metropolitan Police Department is (ECF No. 30) **GRANTED.** A Protective Order entered by this Court shall accompany this Memorandum and Order.

Dated this 21st day of September, 2016.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

3